**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4085**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

COREY JACKSON,

Defendant – Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Anderson.  Henry F. Floyd, District Judge.
(8:09-cr-00889-HFF-1)

Submitted:  October 1, 2010          Decided:  October 18, 2010

Before NIEMEYER, MOTZ, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

James B. Loggins, Assistant Federal Public Defender, Greenville,
South Carolina, for Appellant.   David Calhoun Stephens,
Assistant United States Attorney, Greenville, South Carolina,
for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Corey Jackson pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (2006). Jackson's advisory guidelines range was seventy to eighty-seven months' imprisonment. The district court granted the Government's motion for a downward departure based on Jackson's substantial assistance and sentenced Jackson to fifty months' imprisonment. On appeal, Jackson's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), in which he questions the reasonableness of Jackson's sentence and concludes that there are no meritorious issues for appeal. Jackson was advised of his right to file a pro se brief, but he has not done so. The Government has not filed a response. Finding no reversible error, we affirm.

This court reviews sentences for procedural and substantive reasonableness under an abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). In conducting this review, we "must first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the [g]uidelines range, treating the [g]uidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) [(2006)] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." Id. "When rendering a sentence,

2

the district court must make an individualized assessment based on the facts presented," applying "the relevant § 3553(a) factors to the specific circumstances of the case before it." United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009) (internal quotation marks and emphasis omitted). Once we have determined that the sentence is free of procedural error, we must consider the substantive reasonableness of the sentence, "tak[ing] into account the totality of the circumstances." Gall, 552 U.S. at 51.

In this case, the district court correctly calculated the advisory guidelines range. Even assuming the court committed procedural error in failing to articulate an adequate individualized assessment of Jackson's case, we conclude that the court's omission did not affect Jackson's substantial rights. See United States v. Lynn, 592 F.3d 572, 580 (4th Cir. 2010). With regard to the substantive reasonableness of the sentence, it is clear that Jackson's sentence, which is below the advisory guidelines range, is not substantively unreasonable. Thus, we conclude that the district court did not abuse its discretion in imposing Jackson's sentence.

In accordance with Anders, we have reviewed the entire record and have found no other meritorious issues for appeal. Accordingly, we affirm the district court's judgment. This court requires that counsel inform his client, in writing, of

his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED